IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE L. CASTRUITA AND GLORIA DELAPAZ CASTRUITA, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-00172 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | § § § § | |
| *Defendant*. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 12 U.S.C. § 1451, *et seq.* and 12 U.S.C. § 1452(f), Defendant Federal Home Loan Mortgage Corporation ("Defendant") hereby removes this action from the 205th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, and as grounds for removal states as follows:

### I.     STATE COURT ACTION

1.     On February 19, 2020, Plaintiffs Jose L. Castruita and Gloria Delapaz Castruita ("Plaintiffs") filed their *Original Petition and Request for Disclosures* in the 205th Judicial District Court of El Paso County, Texas, in case a styled *Jose L. Castruita and Gloria Delapaz Castruita v. Federal Home Loan Mortgage Corporation*, Cause No. 2020DCV0621 (the "State Court Action").

2.     In the State Court Action, Plaintiffs contend that they are the owners of property located at 2731 Mountain Ave., El Paso, Texas 79930 (the "Property") and seek to invalidate the lien securing their home-equity loan based on allegations that their loan violates certain home equity provisions of the Texas Constitution. Plaintiffs assert claims for breach of contract and

quiet title, and seek declaratory relief and forfeiture of principal and interest, as well as actual damages, exemplary damages, and attorney fees.

## II. PROCEDURAL REQUIREMENTS

3. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. § 124(d)(3); 12 U.S.C. § 1451, *et seq.*; 12 U.S.C. § 1452(f).

4. Attached hereto as **Exhibit A** is a civil cover sheet. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** is a true and correct copy of the entire file of record in the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant is also simultaneously filing a copy of the Notice of Removal in the 205th Judicial District Court of El Paso County, Texas.

## III. FEDERAL ENTITY JURISDICTION

6. Defendant is a United States corporation chartered by an Act of Congress organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, *et seq*. The presence of Defendant as a party vests original jurisdiction in this court pursuant to 12 U.S.C. § 1452(f), which provides, "[a]ll civil actions to which [Defendant] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value. . . ." Pursuant to 12 U.S.C. § 1452(f)(3), the action may be removed at any time before trial to the district court of the United States for the district and division embracing the place where the action is pending. A trial has not been scheduled in this matter, and as a result, this removal is timely.[1]

---

[1] This court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy requirement is satisfied. Plaintiffs are domiciled in El Paso County, Texas (Petition ¶ 3), and therefore, are citizens of Texas. Defendant is a citizen of Virginia, where its headquarters are located. 28 U.S.C. § 1332(c)(1); 12 U.S.C. § 1451, *et seq*. Based on a review of the Petition and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs. Plaintiffs seek declaratory relief that

## IV.  PRAYER

WHEREFORE, Defendant removes this action from the 205th Judicial District Court of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Elizabeth Hayes*
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@polsinelli.com
**Elizabeth Hayes**
  State Bar No. 24069001
  ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on June 18, 2020, on all counsel of record via the Court's CM/ECF system, certified mail, return receipt requested, and/or regular mail, pursuant to the Federal Rules of Civil Procedure.

*/s/ Elizabeth Hayes*
Attorney for Defendant

---

their home-equity lien is void, thereby resulting in the entire value of the Property being squarely at issue. *See, e.g., Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).  According to the El Paso County Appraisal District, the market value of the Property is $94,466.00.  Plaintiffs also seek actual and exemplary damages, and attorney fees.  *See* Petition ¶¶ 31-33, Prayer.  Although Defendant vehemently denies that Plaintiffs are entitled to any declaratory relief or damages, when the value of the Property, actual damages, exemplary damages, and attorney fees are all included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.